## WASHINGTON v HIPPLE et
(2 Cases)

Ohio Appeals, 2nd Dist, Darke Co

No 531. Decided Feb 17, 1938

Goubeaux & Goubeaux, Greenville, for plaintiff-appellee.

S. E. Mote, Greenville, for defendants-appellants.

## OPINION

By GEIGER, J.

In the Court below plaintiff filed a petition stating as a first cause of action that the defendant, William Hipple, executed and delivered to plaintiff his promissory note for $1,800.00, payable to the order of plaintiff; that plaintiff is unable to set out a copy of the note for the reason that it has been lost or destroyed; that the exact date of such loss or destruction she is unable to state; that she never transferred or assigned the note; that there is due on the note from the defendant, William Hipple, the sum of $1,800.00, with interest.

As a second cause of action she sets up that the defendant, William Hipple, on the 19th day of June, 1922, in order to secure the payment of the note executed and delivered to her a mortgage on certain real estate; that upon delivery of the mortgage defendant requested that plaintiff should not record it, and the same was not recorded, but is a valid lien upon the premises; that the mortgage deed has been lost or destroyed, but was never assigned; that the conditions thereof have been broken.

Plaintiff prays judgment for the amount, and that the mortgage be foreclosed and premises sold.

To this petition the defendant answered, denying each and every allegation, and as a second defense, alleges that on or about the————day of January, 1923, the defendant, William Hipple, borrowed of plaintiff $180.00, and gave her a note and chattel mortgage on crops; that the note and mortgage were paid on or about December 2. 1924, but that the plaintiff claimed that she had lost the note and mortgage, and the same were not surrendered.

Defendants deny that William Hipple borrowed the $1,800.00, or any part thereof, and assert that whatever sum was borrowed was paid in full, and that he never executed a mortgage on the real estate, and that the execution and delivery of the note and mortgage to plaintiff "is false and untrue."

To this answer plaintiff filed a reply denying all allegations.

The cause was submitted on the first cause of action to a jury.

After submission of plaintiff's evidence, a motion was made to instruct a verdict which was overruled, and when repeated at the end of all the testimony was again overruled.

The jury brought in a verdict in favor of plaintiff on the first cause of action for the amount claimed.

A motion for new trial was filed, setting up the usual grounds, and was overruled. Whereupon, defendant, William Hipple, gave notice of appeal on questions of law from the judgment of the Common Pleas Court.

As to the second cause of action on the alleged mortgage securing the note, the Court held as follows:

"The second cause of action being an equitable cause and triable to the Court, and the parties on suggestion by the Court, not desiring to have submitted to the jury any question of fact on said second cause of action, the said second cause of action and no part thereof was submitted to the jury, but said second cause of action is reserved for future consideration by the Court."

Therefore, the Court found as to the second cause of action:

"This cause coming on to be heard on the second cause of action in plaintiff's petition upon the foreclosure of an alleged mortgage to secure the note set out and tried to a jury on the first cause of action, and the said cause having been submitted or the pleadings and evidence at the time of the submission of the first cause of action to the jury, and, upon consideration the Court finds that the evidence falls short of the degree of proof required to support a claim upon a lost mortgage, and the Court finds on the issues joined on the second cause of action in favor of the defendant, whereupon it is ordered, adjudged and decreed that the second cause of action be and it is dismissed at cost of plaintiff. To which order of the Court exceptions are taken."

Plaintiff moved the court to set aside the finding and judgment of the Court insofar

as the same pertains to the second cause of action in the plaintiff's petition, and for new trial for the reasons stated.

The cause coming on to be heard upon this motion, the Court overruled the same, to which exceptions were taken.

The plaintiff thereupon gave notice of appeal from the judgment of the court pertaining to the second cause of action. Said appeal is on questions of law.

In this court each party sets out appropriate assignments of error.

We have carefully read the record in this case, and it presents, so far as the execution and delivery of the note and mortgage, a clear contradiction, one party asserting that the money was loaned, the note and mortgage given and lost, and the defendant maintaining that such a note and mortgage were never given.

The charge of the court was not criticized. The Court took the position as to both the first and second causes of action that the plaintiff was required to establish the claim of her petition by clear and convincing evidence and properly defined same to the jury, and pointed out the distinction between clear and convincing evidence and a perponderance of the evidence.

While there was direct conflict between the evidence given by the plaintiff and defendant, we are of the opinion that supporting evidence by other witnesses was such that the jury was justified in returning a verdict in favor of the plaintiff on the first cause of action, under the instruction that the evidence must be clear and convincing.

We feel that we could not reverse the court in refusing to direct a verdict or in overruling the defendant's ██ motion for a new trial without invading the province of the jury. The jury had an opportunity to hear the witnesses and to observe their demeanor, and it was its province to determine which of the two parties giving evidence in direct conflict, it believed. If it disbelieved the defendant, there was ample evidence to justify its verdict, and we are of the opinion that as a matter of law we cannot disturb it.

## SECOND CAUSE OF ACTION

As to the second cause of action in which the court considering the mortgage as involving an equitable action, and holding that the evidence was not sufficient to sustain the mortgage, we have some difficulty in arriving at a correct conclusion.

The trial court on the same evidence overruled the defendant's motion for new trial on the first cause of action, but held that there was not sufficient evidence to establish the existence of the mortgage as set up in the second cause of action.

It would seem at first blush that if there was not enough evidence to establish the existence of the mortgage, that the same evidence would not establish the existence of the note.

The court was of the opinion and counsel acquiesced in his view that each should be established by clear and ██ convincing evidence. On further consideration we think the court is justified in taking the position that he should not disturb the verdict of the jury as to the first cause of action, even though in his opinion the evidence was not sufficient to establish the second cause of action. The court could logically take the position that his view as to the mortgage does not justify him in setting aside the verdict of a jury.

There is another matter which appears to us of a prime importance in considering the second cause of action.

Although all conceded that the question of existence of the mortgage should be tried to the court, the defendant in giving his notice of appeal stated—"Said appeal is on questions of law."

If he took his appeal upon questions of law, which he was entitled to do even though a chancery cause was ██ involved, he waived his right to have the error complained of as to the second cause of action tried de novo in this court; he escaped his obligation of giving bond, but incurred the obligation of filing a bill of exceptions under §11564 GC.

The bill of exceptions filed in this case recites, on page 164:

"And now come the defendants with this their bill of exceptions containing all the evidence offered by either party, or received by the Court in the trial of the within cause, and asks that same be correct, settled, allowed and made a part of the record in this cause* * *."

The plaintiff in her assignment of errors states:

"Judgment was rendered on the second cause of action in said petition alleged against this appellant, and this said appellant thereafter duly filed his notice of appeal and there is filed in this Court of Appeals a duly certified transcript of the

docket and journal entries and the original papers in said cause, and a true and correct bill of exceptions has been allowed and filed herein."

It is true that a bill of exceptions has been filed herein. but there is no agreement of counsel or order of the court making it the bill of exceptions of the plaintiff or that it be considered as a bill of exceptions complying with the provisions of §11564 GC that the party excepting must reduce his objection to writing and file them in the cause, not later than forty (40) days after the overruling of the motion for a new trial, or the dicision of the court, when the motion for a new trial is not filed.

In the case of **Tenesy v City of Cleveland, 133 Oh St 251,** (Ohio Bar Report-February 7, 1938) the Court held:

"1. When an appeal is taken on questions of law it is mandatory that a bill of exceptions be filed in the trial court within the forty day limitation prescribed by §11564 GC, to enable a reviewing court to consider the contents of such bill.

"2. Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment."

The Court states through Judge Zimmerman:

"* * *and since the errors assigned could not be passed upon without the bill, the Court of Appeals could do nothing else than affirm the judgment below."

We recognize the fact that this does not dispose of the question that where a bill is prepared and submitted by one party without any reference to the other, that the party not participating in the filing of the bill would be precluded from using it to establish errors complained of by him in the trial below, but we are of the opinion that this is a correct interpretation of the statute.

If we are not correct in our view of this matter, we are of the opinion that we are not justified in reversing the judgment of the court below finding that the evidence would not establish the existence of the mortgage.

We do not find any prejudicial error in the admission or rejection of evidence.

Judgment affirmed, cause remanded.

BARNES, PJ and HORNBECK, J, concur.